# WOLFE LAW GROUP

**New Orleans**
4821 Prytania Street
New Orleans, LA 70115
(504)894-9653
F: (866)761-8934

**Seattle**
3232 First Avenue S
Seattle, WA 98134
(206)801-1600
F: (866)761-8934

December 07, 2009

To:   22nd JDC Civil Court Clerk
       22nd JDC, St Tammany
       701 N. Columbia Street
       Covington, LA 70433
       Fax: (985) 809-8777

2009-17310 I

FILED

DEC 1 0 2009

DEPUTY

**SENT VIA US MAIL**

Dear Clerk of Court:

Enclosed please find:

[ ✓ ]   1   Copy of the Petition and Discovery Requests to file with your records

[ ✓ ]   1   Copy of the Petition and Discovery Requests for Service on Southern Homes

[ ✓ ]   2   Copies of the Petition  for Service on Tallow Creek, LLC and Liberty Mutual Fire Insurance Co.

[ ✓ ]   1   Copy of the Petition and Discovery Requests to be stamped and returned to our office in self-addressed envelope

[ ✓ ]   1   Check in the amount of $350.00 for filing and service fees

If there are any questions, please do not hesitate to contact our offices.

Best Regards,
WOLFE LAW GROUP, L.L.C.

Scott Wolfe, Jr.

SGW/jlr

CLERK OF COURT
MALISE PRIETO
2009 DEC 10 A 11: 02
FILED FOR RECORD
STATE OF LOUISIANA
ST. TAMMANY PARISH



EXHIBIT
A

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. *2009-193310*                              DIVISION: *I*

ADA BROWN WIFE OF/AND HILLARY BROWN

VERSUS

LIBERTY MUTUAL FIRE INS. CO., TALLOW CREEK, L.L.C., SOUTHERN HOMES,
L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, MNO
INSURANCE COMPANY, JOHN DOE SUPPLY AND JOHN DOE SUBCONTRACTORS

FILED: ___DEC 1 0 2009___        DEPUTY CLERK: _____

### PETITION FOR BREACH OF CONTRACT, WARRANTY AND FOR DAMAGES

NOW INTO COURT, through undersigned counsel, respectfully come your Petitioners, Ada Brown wife of/and Hillary Brown (hereinafter collectively "Petitioners"), who are both the age of majority and who are domiciled in this State and Parish, who based upon information and belief, respectfully assert as follows:

1.

Made Defendants in this action are the following:

- Liberty Mutual Group, Inc., a Non-Louisiana Corporation authorized to conduct business in Louisiana, who at all relevant times conducted business in this State and Parish (hereinafter "Liberty");

- Tallow Creek, L.L.C., a Louisiana Limited Liability Company at all relevant times doing business in this State and Parish (hereinafter "Tallow Creek");

- Southern Homes, L.L.C., a foreign Limited Liability Company authorized to conduct business in this State, who at all relevant times conducted business in this State and Parish (hereinafter "Southern Homes");

- ABC Insurance Company, a foreign or domestic insurance carrier who provides general liability insurance to Tallow Creek, or otherwise insures Tallow Creek for the damages prayed for herein ("ABC");

Petition for Breach of Warranty, Contract and for Damages and First Set of Discovery to Builder • Page 1 of 24

- XYZ Insurance Company, a foreign or domestic insurance carrier who provides general liability insurance to Southern Homes, or otherwise insures Southern Homes for the damages prayed for herein ("XYZ");
- John Doe Supply, is a foreign or Louisiana company at all relevant times doing business in this Parish and State, who supplies drywall products to contractors, and supplied drywall to Southern Homes or to John Doe Subcontractors ("Supplier");
- John Doe Subcontractors is a foreign or Louisiana company at all relevant times doing business in this Parish and State, who was hired by Southern Homes to supply and install drywall at the property-in-controversy and below described ("Subcontractor").
- MNO Insurance Company, a foreign or domestic insurance carrier who provides general liability insurance to Subcontractor or Supplier, or otherwise insures Subcontractor and/or Supplier for the damages prayed for herein ("MNO");

Collectively the defendants are referred to herein as "Defendants."  With respect to those Defendants who did not contract directly with your Petitioners, the Petitioners are an intended third party beneficiary of the contracts between them and the appropriate party because it was the clear and manifest intent of the Defendants that the contracts were to primarily and directly benefit your petitioners.

2.

Jurisdiction is proper in this Court because the Court maintains subject matter jurisdiction over the dispute based on the object of the demand and the amount in controversy.

3.

Venue is proper in this Court pursuant to Louisiana Code of Civil Procedure Article 76.1 because the contracts in controversy were executed and services were performed in this Parish. Further, the damages were sustained in this Parish.

### BACKGROUND AND FACTS

4.

On May 25, 2006, Petitioners signed a "Cash Sale" Agreement (the "Purchase Agreement") to buy property bearing the municipal address 812 Cole Court, Covington,

Louisiana, 70435, and more particularly described therein as located at Lot 234, Phase 1H,

Tallow Creek Subdivision (the "Property").

5.

In the Purchase Agreement Tallow Creek is identified as the seller of the property.

6.

Tallow Creek, as seller of property, expressly warranted the Property under the New

Home Warranty Act.

7.

A builder constructed the Property. Upon information and belief, that builder was

Southern Homes.

8.

During the construction of the Property, the builder hired John Doe Subcontractor to

install and supply the drywall to the Property.   John Doe Subcontractor purchased the drywall

from John Doe Supplier.

9.

Upon information and belief, Tallow Creek, Southern Homes, Subcontractors and

Suppliers all maintained insurance policies at the times in controversy, and these insurance

companies are made defendants to this action.

10.

On or around January 28, 2006, after construction on the Property was substantially

complete, Petitioners closed on the Property and moved into the home making it their permanent

residence.

11.

Since moving into the property, several air conditioning unit coils have failed.   Further, it

has been discovered that copper pipes installed at the Property have turned the color black, and

components of the Property's electrical wiring is covered with black file or soot.   Electronic

appliances within the Plaintiffs home have also failed, such as their Microwave electrical panel.

12.

"Chinese Drywall" installed in the Property by Defendants is the cause for the aforementioned physical damages to the Property. In April 2009, Southern Homes through a general communication to homeowners represented that it did not ever purchase foreign drywall, and advised that homeowners they need not be concerned about Chinese Drywall. Petitioners discovered that Chinese Drywall was used in the construction of the Property in or around July 15, 2009.

13.

On or around July 20, 2009, Southern Homes sent a representative from its home warranty department, Todd Nowicki, to inspect the Property after it was notified that the homes in this area may contain the defective drywall. The representative walked through the Property with Petitioners.

14.

On July 22, 2009, Tallow Creek responded to the situation with written correspondence, sent via certified mail. The letter confirmed that the Property was installed with Chinese Drywall, and advised that Tallow Creek would "monitor [the] situation" and keep Petitioners informed of any developments. There was no indication that Tallow Creek would make any efforts to remedy the defect. The letter also noted that Tallow Creek was "unaware that our supplier was using Chinese drywall and were further unaware of any problems associated with its use before installation in any of our projects."

15.

The drywall installed in Petitioner's home is commonly referred to as "Chinese Drywall" because it was imported for use into the United States from China. The Chinese Drywall installed into Petitioner's Property is defective. It emits levels of sulfur, methane and/or other volatile organic chemical compounds that cause corrosion of HVAC coils and refrigerator units, certain electrical writing and plumbing components, and other household items. The drywall itself is defective, and thereby renders the walls to the Property defective. Further, the drywall causes damage to other building elements, such as what is commonly referred to as the "building studs." The defective drywall also creates a noxious "rotten egg-like" odor, causes allergic

reactions, coughing, sinus and throat infections, nose bleeds, eye irritation, respiratory problems and other health concerns.

16.

The Chinese Drywall is not suitable for its intended use, is inherently defective, and causes actual physical damage to the walls and partitions of the Petitioner's Property, affecting the function of the walls and partitions to the extent that the home becomes unsafe, unsanitary or is otherwise unlivable.

17.

To remedy the defective drywall, the Petitioners must remove all defective drywall, perform extensive remedial repairs to the Property, and then repair the damaged property made visible during the performance of said repairs.

18.

The Chinese Drywall's presence in the Property has caused your Petitioners' damage, including, but not limited to: (i) Costs of inspection; (ii) Costs and expenses necessary to remove and replace the defective drywall and adjoining components; (iii) Cost and expenses to remove, replace and remedy the electrical wiring, internal finishes, HVAC coils, damaged building elements, plumbing fixtures and tubing, other affected appliances and fixtures, and other personal property; (iv) Cost of relocation during the remedial process; (v) Personal injuries and future health concerns; and (vi) Substantial diminution in the value of the Property.

## CAUSES OF ACTION

### NEW HOME WARRANTY ACT

19.

The New Home Warranty Act is codified in Louisiana Rev. Stat. 9:3141 *et seq.* The Petitioners claim that the installed Chinese Drywall, and the effects of the defective materials, are a defect in the builder's workmanship or materials within the meaning of the Act.

20.

Notice has been provided to the builder as per La. R.S. 9:3145, and the builder has been provided a reasonable opportunity to inspect the alleged defect. The builder has also been

provided a reasonable opportunity to undertake the repair of the defects itself.  The builder did in fact inspect the property, but it refuses to remedy the defects, and is therefore in breach of the New Home Warranty Act.

21.

The presence of inferior drywall in the home requires, among other remedial steps, that the home be completely gutted and refinished in order to make the home fit for ordinary residential use.  The presence of inferior drywall in the home also creates a fire hazard in the home.  The presence of inferior drywall in the home constitutes a major structural defect to load bearing portions of the home.

22.

Since the builder has violated the New Home Warranty Act by failing to perform as required by the statutory warranties, the Petitioners are bringing this cause of action against it for its actual damages, including attorneys fees and court costs, that arise out of the violation.  This cause of action is brought pursuant to La. R.S. 9:3149.

23.

For the purposes of this Section labeled "NEW HOME WARRANTY ACT," the term "builder" shall refer to Tallow Creek, L.L.C. and/or Southern Homes, L.L.C., as appropriate under the facts.  Because of the relationship between Tallow Creek and Southern Homes, the terminology used in the Purchase Agreement, the relationship between the Petitioners and these two parties, and other facts, information and belief, it is uncertain as to which of these parties acted as the actual builder as contemplated by the New Home Warranty Act.  The cause of action under the New Home Warranty Act is asserted against both Southern Homes and Tallow Creek, alternative to one another where appropriate, and together where appropriate. Hereinafter Tallow Creek and Southern Homes collectively referred to as "Builder."

**NEGLIGENT OR FRAUDULENT MISREPRESENTATION**

24.

Article 2315 provides Petitioners a cause of action against the Tallow Creek and Southern Homes for negligent or fraudulent misrepresentations.

25.

In April 2009, Tallow Creek and/or Southern Homes affirmatively represented that it did not install foreign drywall at Plaintiff's property.  On July 20, 2009, the Petitioners were informed via letter that Tallow Creek and/or Southern Homes were "unaware that our supplier was using Chinese drywall and were further unaware of any problems associated with its use before installation in any of our projects."

26.

Upon information and belief, these were an intentional or negligent misrepresentation to your Petitioners.  Tallow Creek and Southern Homes did have reason to know it was using Chinese Drywall at the Petitioner's property, and its representation to the contrary is made with the intent of obtaining an unjust advantage over your Petitioners, causing your Petitioner's injury.

27.

Further, upon information and belief, from February 2009 through August 2009, Tallow Creek and Southern Homes intentionally or negligently misrepresented the presence of Chinese Drywall in the Petitioner's home and/or in the Petitioner's subdivision when it did in fact know that defective drywall was used in the community.  These misrepresentations were made with the intent of obtaining an unjust advantage over your Petitioners, causing your Petitioner's injury.

28.

After learning of the use of Chinese Drywall in the Petitioner's subdivision and home, Tallow Creek and/or Southern Homes fraudulently concealed and/or intentionally omitted the fact to Petitioners.  These concealments were made with the intent of obtaining an unjust advantage over your Petitioners, causing your Petitioner's injury.

**FAILURE TO WARN**

29.

All Defendants had a duty to warn the Petitioners about the presence of contaminated drywall in the Petitioner's home. The Defendants breached this duty by failing to warn the Petitioners of the defective product at the time of its installation, and thereafter, and specifically did not warn the Petitioners of the contaminated drywall and its negative effects after Defendants learned of supplying and/or installing the drywall into Petitioner's home or community.

30.

Moreover, the Defendants failed to warn the Petitioners of defects with the Property that it knew to exist.

31.

The Builder knew that Chinese Drywall was used in the construction of the Property or had or should have had such knowledge immediately upon receiving the Chinese Drywall at the job-site and installing it in the home. The Builder knew or should have known that Chinese Drywall was an inferior product, not fit for ordinary use, and knew or should have known this immediately upon receiving the Chinese Drywall at the job-site and installing it at the Property. The Builder further knew or should have known that the Chinese Drywall posed a serious health and physical risk to the Property and its residents.

32.

Petitioners suffered damages as a result of the Defendants' failure to warn, and Petitioners assert a cause of action for breach of this duty under La. C.C. art 2315, and any other applicable statute. Had Petitioners been warned of the Chinese Drywall, the Petitioners would not have suffered the damages alleged herein, and/or could have taken steps necessary to protect themselves and their property against damage.

## BREACH OF EXPRESS WARRANTY BY TALLOW CREEK LLC

33.

Paragraph 6 of this Petition sets forth the express warranties made by Tallow Creek, L.L.C. to the Petitioner. The Petitioner avers that Tallow Creek breached these express warranties, that Petitioner has been damaged for the same, and asserts a cause of action for recovery of its damages related to this breach.

Petition for Breach of Warranty, Contract and for Damages With First Set of Discovery to Builder • Page 8 of 24

## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

34.

Defendants are all merchants of gypsum drywall, and an action is asserted against them for breach of implied warranty of merchantability under Louisiana law.

35.

Pursuant to Louisiana law, Defendants warranted that the gypsum drywall was merchantable and reasonably fit for the ordinary purpose for which gypsum drywall is used. Defendants breached the implied warranty of merchantability by selling certain gypsum drywall that was defective and not reasonably fit for the ordinary purpose for which gypsum drywall is used.   As a result of the breach of this implied warranty of merchantability, the Petitioners have suffered damages.

## BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE

36.

Defendants are all merchants of gypsum drywall, and an action is asserted against them for breach of implied warranty of fitness for a particular purpose under Louisiana law.

37.

At the time Defendants entered into their applicable contracts, they had reason to know that the gypsum drywall was being purchased and/or supplied for the particular purpose of being installed in residential homes owned by your Petitioners, and that homebuilders and Petitioners were relying on Defendants' skill and judgment to select and furnish gypsum drywall that was suitable for this particular purpose.

38.

Pursuant to Louisiana Law, Defendants warranted that the gypsum drywall was fit for the particular purpose of being installed in residential homes owned by the Petitioner, and Defendants breached this warranty by selling certain gypsum drywall that was defective and not fit for the particular purpose of being installed in residential homes owed by Petitioner. As a result of the breach of this implied warranty of fitness for a particular purpose, the Petitioners have suffered damages.

## ACTION IN REDHIBITION AGAINST SELLERS OF DRYWALL

39.

Defendants are all merchants of gypsum drywall, and an action is asserted against them in redhibition.

40.

Louisiana C.C. art 2520 provides that a seller warrants the buyer against redhibitory defects, or vices, in the thing sold.

41.

The thing sold and/or supplied and/or installed by the Defendants has a defect that renders the gypsum drywall useless, or so inconvenient that it must be presumed that a buyer would not have brought the thing had he known of the defect.

42.

The Petitioners assert that the gypsum drywall at controversy is defective, and it is entitled to bring a cause of action and recover for its damages related to the defect as per La. C.C. art 2520.

## ACTION IN REDHIBITION AGAINST SELLERS OF PROPERTY

43.

As seller of the Property, Tallow Creek and/or Southern Homes warranted Petitioner's title against redhibitory defects or vices in the home.   The use of inferior drywall in the home constitutes a defect and/or vice in the Property.

44.

Despite knowledge of a defect and/or vice in the home (the incorporation of inferior drywall and all other vices and defects identified herein), the seller of the Property sold the home to Petitioners.  The defect and/or vice it the Property existed at the time of sale, and was not apparent to the Petitioners.

45.

The defect and/or vice in the Property renders the home so inconvenient that Petitioner's would not have purchased the home had they known of the vice and/or defect.

46.

As a result, the sellers of the Property have breached its warranty of Redhibition, and a cause of action is asserted against them for said breach.

## BREACH OF STATUTORY WARRANTIES

47.

Petitioners assert a cause of action against the Defendants for breach of statutory warranties codified in La. C.C. art 2762, which provides for liability of a contractor for damages due to badness of its workmanship.

48.

Petitioners aver that its property has fallen to ruin in whole, or in part, on account of the badness of workmanship of the Defendant.   Petitioner asserts a cause of action against Defendants under their statutory liability as codified in La. C.C. art 2762.

## BREACH OF CONTRACT

49.

Petitioners had a contract with Tallow Creek and/or Southern Homes, and Petitioners assert that these parties have breached its contract by supplying and installing Chinese Drywall.

50.

La. C.C. art 769 provide that "if an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."

51.

Petition for Breach of Warranty, Contract and for Damages With First Set of Discovery to Builder • Page 11 of 24

The Petitioners aver that by supplying and installing Chinese Drywall, Tallow Creek and/or Southern Homes failed to execute its contract in the manner agreed. Accordingly, Petitioners assert that they are in breach of contract, and bring this cause of action for injuries sustained as a result of Tallow Creek's and Southern Home's breaches.

## NEGLIGENCE

52.

Petitioners assert that the Defendants owed them a duty of care, and by supplying, installing, selling or otherwise being responsible for the installation of Chinese Drywall into Petitioner's home, the Defendants breached this duty. The Petitioners aver that the breach of the duty was negligence, and assert a cause of action against Defendants under La. C.C. art 2315 *et seq.*

## UNFAIR TRADE PRACTICES

53.

As the seller of residential homes, the Builder has the duty to refrain from the use of unfair methods of competition and unfair or deceptive acts or practices in the conduct of its trade and commerce. This includes the duty to refrain from knowingly exploiting consumers in an effort to gain an unfair advantage over them.

54.

The sale of the Property to Petitioners was a "consumer transaction" within the scope of the Louisiana Unfair Trade Practices Act, La. R.S. 51:1401, et seq. ("LUTPA"), as the transaction involved commerce to a natural person, the subject of which transaction is primarily intended for personal, family, or household use.

55.

The Builder violated LUTPA by knowingly misrepresenting and/or remaining silent as to the quality of the home to Petitioners, creating an unjust advantage for the Builder and resulting

in the sale of the home, which would not have occurred, but for Builders use of such deceptive practice.

56.

Builder's subsequent silence regarding the use of inferior drywall in the home constitutes a continuing tort, suspending and/or interrupting any applicable statute of limitations, and has damaged the Petitioner.

**CONSPIRACY**

57.

"He who conspired with another person to commit an intentional or willful act is answerable, in solido, with that person, for the damage caused by such act." La. Civ. Code. Art. 2324(A).

58.

In order to recover under the theory of civil conspiracy, "a plaintiff must prove that an agreement existed to commit an illegal or tortious act which resulted in the plaintiff's injury." Butz v. Lynch, 710 So.2d 1171, 1174, (La. App. 1 Cir. 1998), citing Silver v. Nelson, 610 F.Supp. 505, 516-517 (E.D.La.1985). Further, "[t]he plaintiff must establish that there was an agreement as to the intended outcome or result." Butz v. Lynch, 710 So.2d 1171, 1174, (La. App. 1 Cir. 1998), citing Walker v. American Honda Motor Co., Inc., 640 So.2d 794, 797 (La.App. 3 Cir. 1994).

59.

On information and belief, Defendants hereto acted in concert with one another at all times pertinent hereto, in an effort and with the intent to commit tortious acts against Petitioners, and thereby caused damages to the Petitioner.

**INSURER'S LIABILITY**

60.

All causes of action against the Defendants are asserted against each's insurer.

**JURY DEMAND**

61.

Petitioners reserve their right to demand a trial by jury.

**PRAYER**

WHEREFORE, Petitioners pray that the Defendants be served with process, and that

after due proceedings are had, a judgment be entered in favor of the Petitioners and against the

Defendants, jointly and severally, for (i) damages, (ii) attorneys fees, (iii) costs, (iv) post-

judgment and pre-judgment interest at the maximum rate allowable at law, (v) treble and/or

punitive damages in an amount to be determined at trial, (vi) all statutory damages, (vii)

disgorgement of Defendants' profits from the sale of the drywall,  (vii) reimbursement for all

costs and expenses insured in the repair of any purchase price paid, including, but not limited to,

insurance co-payments, interest on these amounts from the date of purchase, attorneys' fees and

costs, non-pecuniary damages, as well as any other legal and equitable relief to which Plaintiffs

may be entitled; (ix) diminution in value of the home; (x) pain and suffering, inconvenience,

additional living expenses, and emotional distress; (xi) any and all other just and equitable relief

that this Court determines just and equitable under state and federal law.

Respectfully Submitted,

WOLFE LAW GROUP, LLC
Scott Wolfe Jr. (30122)
Douglas S. Reiser (32221).
Seth J. Smiley (32693)
4821 Prytania Street
New Orleans, LA 70115
504-894-9653 :: Fax: 866-761-8934
http://www.wolfelaw.com
Attorneys for Petitioners

PLEASE SERVE

**LIBERTY MUTUAL FIRE INS. CO.**
Through Louisiana Secretary of State
8585 Archives Ave.
Baton Rouge, La 70809

**TALLOW CREEK, L.L.C.**
Through its registered agent for service of process,
Adrian Kornman
59101 Amber Street
Slidell, Louisiana, 70461

**SOUTHERN HOMES, L.L.C.**
Through its registered agent for service of process,
Adrian Kornman
2053 E. Gause Blvd, Ste 200
Slidell, Louisiana, 70461

Withhold service on ABC Insurance Company, XYZ Insurance Company, MNO Insurance
Company, John Doe Supply and John Doe Subcontractors

22nd JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. **2 0 0 9 - 1 7 3 1 0**　　　　　　　DIVISION: I
_____

ADA BROWN WIFE OF/AND HILLARY BROWN

VERSUS

LIBERTY MUTUAL FIRE INS. CO., TALLOW CREEK, L.L.C., SOUTHERN HOMES,
L.L.C., ABC INSURANCE COMPANY, XYZ INSURANCE COMPANY, MNO
INSURANCE COMPANY, JOHN DOE SUPPLY AND JOHN DOE SUBCONTRACTORS

FILED: _December 10, 2009_　DEPUTY CLERK: _____

### PLAINTIFF'S FIRST SET OF INTERROGATORIES,
### REQUEST FOR PRODUCTION AND
### REQUESTS FOR ADMISSIONS TO SOUTHERN HOMES, L.L.C.

NOW COMES, through undersigned counsel, Plaintiffs, Ada Brown wife of/and Hillary

Brown (hereinafter "Browns" or "Plaintiffs") who propound the following Interrogatories,

Admissions and Requests for Production of Documents to be answered by the Defendant,

SOUTHERN HOMES, L.L.C. herein, (hereinafter "Southern") fully, and in writing and under

oath within fifteen (15) days all in accordance with the Louisiana Code of Civil Procedure.

### INSTRUCTIONS AND DEFINITIONS

Please follow these instructions when responding to the following discovery requests:

A. If the plaintiffs lack information with respect to any requests or any sub-part thereof, please
state the fact and answer that Interrogatory to the best of their knowledge and belief.

B. These requests are continuing in character, so as to require plaintiffs to file immediate
supplemental answers if plaintiffs obtain further or different information.

C. All supplemental answers shall be filed in accordance with the Louisiana Code of Civil
Procedure and shall be rendered due upon the occurrence of an event, happening, or discovery of
such.

D. You, Your, Southern or Defendant - Shall refer to Defendant, Southern Homes, L.L.C.,
unless specifically noted, and all parties acting on its behalf, including, but not limited to,
employees, officers, managers, directors, parent corporations, subsidiaries, affiliated entities,
associates, consultants, investigators, secretaries, assistants, agents, brokers, claims adjusters,
independent claims adjusters, or attorneys and any Related Parties as defined in Paragraph E.

E. "Related Part(ies)" shall mean any person, firm or entity considered a related party by the
Statement of Financial Accounting Standards (SFAS 57) of the Financial Accounting Standards

Petition for Breach of Warranty, Contract and for Damages With First Set of Discovery to
Builder • Page 16 of 24

(FASB), including: (1) any party that directly or indirectly has the power to direct or cause the direction of management and policies of you by virtue of ownership, contract or any other means (hereafter "controlling party"); (2) any party that either directly or indirectly controls, is controlled by, or is under common control of a company (hereafter "affiliate"); (3) principal owners of the company; (4) management of the company; (5) members of the immediate family of principal owners or management; (6) any party with which the company may do business if either party does or can control or significantly influence the management or operating policies of the other party to an extent that either party might be prevented from pursuing its own interests; (7) any party that can significantly influence the management or operating policies of other parties to a transaction, or that has an equity interest in one of the transacting parties and can significantly influence the other party to an extent that either of the transacting parties might be prevented from pursuing its own interests; and (8) subsidiaries of any of the above.

F. When used with respect to an individual, the word "identify" and the word "describe" means to state the full name and present or last known address of each person, the present or last known position and the business affiliation of each person, including a job or position title or brief job or position description for each person at the present time and at all times during the period of these interrogatories.

G. When used with respect to a business entity or association, the word "identify" or "describe" means to state the full business name, place of incorporation, if applicable, principal place of business, and the general nature of the business conducted.

H. When used with respect to an oral communication, the word "identify" or "describe" means to state exactly what was said, including but not limited to where it was said, when it was said, by whom it was said, to whom it was said, and including the name of each person present or having direct knowledge of the communication.

I. When used with respect to a meeting, conference, contract, conversation, discussion, or a negotiation, the word "identify" or "describe" means to state the place and date of the meeting or conference, the individuals present, including their business affiliations, and positions or job titles, the subject matter discussed, and to identify any documents mentioning, referring or relating to said meeting or conference.

J. When used with respect to an agreement or contract, "identify" or "describe" means to state exactly what was agreed to or contracted for, orally or written, directly or indirectly, assertively or through omission, as well as dates, locations, the parties thereto, the duration, and to identify the documents constituting the agreement or contract. Further, when referring to an agreement or contract, the subject matter shall include all drafts, discussions, or proposals.

K. When used with respect to an event, occurrence or instance, "identify" or "describe" means to state the date, the place, the parties present, the subject matter discussed, the reasons for the occurrence, event or instance, and the effects thereof.

L. "Property," "Subject Property," or "Property at Dispute" shall refer to 812 Cole Court, Covington, Louisiana, 70435, and any and all buildings, appurtenances or other structures thereupon, all of which are subject to this dispute. "Work in Controversy," "Work," or "Project" refers to any and all work performed by the Defendant(s) at the Property

M. If you lack information with respect to any request or any sub-part thereof, please state that fact and answer the request for production to the best of your knowledge and belief.

N. These requests for production are continuing in character so as to require you to file supplemental responses immediately if they or any of their agents, representatives, attorney or employees obtain further or different documentation subsequent to your original responses.

O. If any requested document has been lost or destroyed, provide a statement regarding the

circumstances relating to the loss or destruction of said document, the approximate date of loss or destruction, and a reasonably complete description of the contents of said document.

P. If you claim any type of privilege as to any documents requested, identify such documents in your written responses, giving the following information: (a) date of document; (b) author of document; (c) addressee of document; (d) nature of document, such as memorandum, letter, etc.; (e) anyone who has received a copy of the document; (f) the general subject matter of the document; (g) basis of claim of privilege (e.g. attorney-client, work product, physician-patient).

Q. The term "document" or "documentation" shall, unless otherwise indicated, mean all written or printed matter of any kind in your possession, custody or control, which is either known to you or can be located or discovered by diligent effort, including the originals and all non-identical copies whether different from the original by reason of any notation made upon such copies or otherwise. This includes without limitation, all contracts, correspondence, memoranda, notes, letters, telegrams, facsimile transmittals, telefax, diaries, communications, emails, messages of any kind, minutes of meetings, estimates, appraisals, studies, reports, instructions, requests, checks, statements, receipts, returns, summaries, inter and intra-office communications, offers, invoices, worksheets, calendars, and all drafts, alterations, modifications, changes and amendments of any of the foregoing, or representations of any kind. This further includes, without limitation, phonorecords, photographs, photographs, charts, graphs, microfiche, microfilm, videotapes, audiotapes, cassettes, computer disks, recordings and computer printouts, and any other data compilations.

R. Please be advised that any and all electronic documents, files or data which is requested herein must be provided to the Plaintiff in the native format. This requires that you provide the originally created data in the format utilized by the software originally used to create the data. For example, if the data was originally recorded or drafted using Microsoft Word, please provide us with the Word formatted document, otherwise indicated as a "*.doc" file. If a document is requested that was originally drafted, sent and/or otherwise existing in an electronic format, we request that the document be provided to us in the native electronic format.

S. With respect to Requests for Admission, such requests are made pursuant to Article 1467 of the Louisiana Code of Civil Procedure, and each of the matters of which an admission is requested shall be deemed admitted unless your sworn statement in compliance with such Article is timely made.

T. With respect to Requests for Admission, if you do not admit each of such statements, you must specifically deny each one not admitted or set forth in detail the reasons why you cannot truthfully either admit or deny each such matter.

U. With respect to Requests for Admission, if you fail or refuse to admit the truth of any such statement of fact or application of law to fact and the plaintiff thereafter proves the truth thereof, you may be required to pay the reasonable expenses incurred in making such proof, including attorney's fees.

V. With respect to Requests for Admission, if, in response to any of the following statements of fact or application of law to fact, it is your position that the statement is true in part or as to some items but not true in full or as to all items, then answer separately as to each part or item.

(This section intentionally left blank. Requests follow.)

## FIRST SET OF INTERROGATORIES

INTERROGATORY NO. 1:

Identify yourself, including in your answer: (a) the information requested by the Instructions; (b) the Identification of all of your parent companies, subsidiaries or wholly or partially owned business entities; (c) the identify of your principal place(s) of business; and (d) and the identify of your members, managers, corporate officers, directors and/or executives.

INTERROGATORY NO. 2:

Identify any and all policies of builders and/or liability insurance, including but not limited to comprehensive general liability and environmental impairment liability, whether primary, excess and/or umbrella, which may provide coverage to you for the allegations complained of in Plaintiffs' Petition for Damages, and for each policy Identified, please provide (a)     The amount and/or limits of coverage for each risk covered; (b)     The Identity of the insurer; (c) The policy number; (d) The applicable dates of coverage; (e) Whether you have made a claim based on the allegations set forth in Plaintiffs' Petition for Damages, and if so, the date of claim and claim number; and (f) Whether coverage is disputed at the present time, and if so, the basis of the dispute.

INTERROGATORY NO. 3:

Please identify all licenses and registrations you currently hold or have ever held, for any state or jurisdiction, which allow you to perform work as a contractor of any type.   For each such license or registration, identify the license/registration number, the date obtained, the jurisdiction of the license / registration, and the current status of the license.

INTERROGATORY NO. 4:

Identify any and all employee(s), subcontractor(s), employees of subcontractor(s), hired laborer(s), and/or other entity or person hired by you to perform any construction services on the Property from the time you first broke ground on the Property until the present date.   When identifying these parties as per the Instructions to these Discovery Requests, please indicate which type of work the identified party performed at the Property: (a) Supervision of subcontractors; (b)

Subcontractor administration and coordination; (c) Requesting and coordinating state and/or municipal inspections; (d) Receiving materials on the job site; (e) Electrical; (f) Installation of drywall; (g) Preparation of the walls for painting; (h) Painting; (i) Plumbing; (j) Roof installation; (k) Job Safety; (i) Job Cleanup; or (j) Other.

<u>INTERROGATORY NO. 5</u>
    Identify each municipal address where you performed any construction services since January 1, 2003.

<u>INTERROGATORY NO. 6</u>
    If you purchased drywall used in the construction of the Plaintiff's home, please provide the person(s) or entity(ies) from whom the drywall was purchased.

<u>INTERROGATORY NO. 7</u>
    With respect to each and every person or entity identified in response to Interrogatory No. 6, please set forth: (a) The person responsible for receiving each delivery made to the Property by the person or entity; (b) and all payments made to the entity since January 1, 2003, which shall include, but not be limited to, the identification of the method of payment, the date of payment and the amount of payment.

<u>INTERROGATORY NO. 8</u>
    Please identify any lawsuits filed against you since August 29, 2005.

(This section intentionally left blank).

## FIRST REQUESTS FOR PRODUCTION OF DOCUMENTS

REQUEST NO. 1:

Please produce your Articles of Organization, Initial Report, Operating Agreement(s), By-Laws, and other documentation you have evidencing the organization, ownership, interest holders and management structure of any business entities identified in response to Interrogatory No. 1, and any amendments thereto.

REQUEST NO. 2:

Please produce copies of any and all insurance policies identified in response to Interrogatory No. 2.

REQUEST NO. 3:

Please produce a copy of the written contract entered into by you to construct the Property.

REQUEST NO. 4:

Please produce each and every job cost record of any kind or nature arising out of or relating to the work performed by you, your employees or your subcontractors, on the Property, including, but not limited to (a) Invoices; (b) Checks reflecting payments by you for labor, materials, equipment or professional services; (c) Cash receipts; (d) Credit Card Receipts; (e) Purchase Orders; (f) Subcontracts; (g) Payroll Records; (i) Credit Applications / Personal Guarantees.

REQUEST NO. 5

Please produce all documents reflecting correspondence or communication between yourself and the Plaintiff, including, but not limited to, letters, emails, notes and telephone logs.

REQUEST NO. 6

Please produce all photographs, videos and digital recordings of any type reflecting the Property and/or your Work on the Property.

REQUEST NO. 7

Please produce any and all documents referenced in or relied upon in your responses to Plaintiff's Interrogatories.

### REQUEST NO. 8

For any home you ever constructed or worked upon that has or may have Chinese Drywall, please produce any inspection reports obtained by you or on your behalf inspecting the drywall and/or the condition of the home.

### REQUEST NO. 9

For each natural person or entity identified in your response to Interrogatory No. 1 that has communicated via email, please search that person or entity's email account for the following terms: (i) "Chinese Drywall;" (ii) "contaminated drywall;" (iii) "imported drywall;" (iv) "Brown"; (v) "812 Cole;" and (vi) "new home warranty."

Please produce the documents that result from said search.

(This section intentionally left blank).

## REQUESTS FOR ADMISSIONS

**REQUEST NO. 1**

Please admit or deny that you were the general contractor[1] in the construction of the

Property.

**REQUEST NO. 2**

Please admit or deny that you installed at least one sheet of Chinese Drywall to the

Property.

**REQUEST NO. 3**

Please admit or deny that the Chinese Drywall installed at the Property is a defective

material.

**REQUEST NO. 4**

Please admit or deny that the Property was constructed by you as a new structure

designed and used for residential use.

**REQUEST NO. 5**

Please admit or deny that the Chinese Drywall installed at the Property renders the home

unsafe.

**REQUEST NO. 6**

Please admit or deny that the Chinese Drywall installed at the Property renders the home

unsanitary.

**REQUEST NO. 7**

Please admit or deny that the Chinese Drywall installed at the Property renders the home

unlivable.

**REQUEST NO. 8**

Please admit or deny that the Chinese Drywall installed at the Property causes a defect in

the walls and partitions of the Property.

**REQUEST NO. 9**

Please admit or deny that you knew of the existence of Chinese Drywall at the Property

prior to Plaintiff's purchase of the Property.

---

[1] Definition of the term "general contractor" should be in accordance with La. R.S. Title 37.

Petition for Breach of Warranty, Contract and for Damages With First Set of Discovery to
Builder • Page 23 of 24

REQUEST NO. 10
     Please admit or deny that you knew that the Property had a strange odor prior to

Plaintiff's purchase of the Property

REQUEST NO. 11
     Please admit or deny that you replaced the air conditioning coils to the Property's air

conditioning system prior to Plaintiff's purchase of the Property.

Respectfully Submitted,

WOLFE LAW GROUP, L.L.C.
Scott G. Wolfe, Jr. (30122)
Douglas S. Reiser (32221)
Seth J. Smiley (32693)
4821 Prytania Street
New Orleans, LA 70115
504-894-9653
F: 866-761-8934
Attorney for Plaintiffs

**TO BE SERVED WITH THE PETITION FOR DAMAGES**

St Tammany Parish Clerk of Court    Docket#200917310JRANCE                                    Page 1 of 1

P.O. BOX  .214

BATON ROUGE, LA 70804

FROM:    *Clerk of Court, Parish of St. Tammany*

RE:    R.S. 9:2800.7    REPORTING FORM - PERSONAL INJURY ONLY

Section A shall be obtained by the Clerk of Court at the time suit is filed and submitted to the Commissioner of Insurance within thirty (30) days of filing.  Section A shall also be completed at the time judgment becomes definitive.

A. INITIAL INFORMATION

1. Caption of Suit: **ADA BROWN, ET AL**

VS.

**LIBERTY MUTUAL FIRE INS.CO., ET AL**

A. Parish: St. Tammany                    B. Docket No.: **2009-17310 I**

C. Judicial District: 22ⁿᵈ                    D. Filing Date: **DECEMBER 10, 2009**

E. Type Suit:

1. ___  Auto - Bodily Injury            7. ___  Professional Liability
2. ___  Uninsured Motorist              ___ a. Medical
3. ___  Government Liability            ___ b. Architectural
4. ___  General Liability               ___ c. Engineering
5. ___  Products Liability
6. ___  Redhibition

2. Nature of Injuries (If Ascertainable from Petition): _____

_____

_____

Section B shall be obtained by the Clerk of Court and submitted to the Commissioner of Insurance within 30 days of definitive judgment.  (Section A (1)a-c must also be completed in order to accurately report.)

B. JUDGMENT INFORMATION

1. Judgment by Merit Trial:

a) ___  Judge ___ Jury

b) ___  For the Plaintiff  ___ For the Defendant

c) ___  Judgment awarded, exclusive of interest and costs:

1. ___ -0-
2. ___ -0- but less than $10,000
3. ___ $10,000 but less than $25,000
4. ___ $25,000 but less than $50,000
5. ___ $50,000 but less than $100,000
6. ___ $100,000 but less than $250,000
7. ___ $250,000 but less than $500,000
8. ___ $500,000 but less than $750,000
9. ___ $750,000 but less than $1,000,000
10. ___ $1,000,000 but less than $2,000,000
11. ___ $2,000,000 or more

2. Appeal Status:

A) ___ Appeal Entered            B) ___ No Appeal Entered

Section C shall be submitted by the Clerk of Court to the Commissioner of Insurance within 30 days of dismissal.

C. DISMISSAL INFORMATION

1. Date of dismissal: _____

2. ___ With prejudice _____ Without Prejudice

D. A processing fee of $10.00 shall be taxed as costs of court in each suit on which the information required by this section is submitted by the Clerk of Court.  Upon rendering of judgment under Section B of this form or dismissal under Section C of this form, $5.00 shall be paid to the Commissioner of Insurance by the Clerk of Court and $5.00 shall be retained by the Clerk from the court costs paid in Section D.

CLERK OR DEPUTY CLERK_____

Mailed Copy to Attorney:12/15/09

ADA BROWN, ET AL

LIBERTY MUTUAL FIRE INS. CO.,

ET AL

Versus

No.   2009-17310 I

## 22nd Judicial District Court
## Parish of St. Tammany

## Louisiana

TO THE DEFENDANT   LIBERTY MUTUAL FIRE INS. CO. THROUGH LOUISIANA SECRETARY OF STATE,

8585 ARCHIVES AVE., BATON ROUGE, LA 70809

You are hereby summoned to comply with the demand contained in the petition/ of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable the Judges of said Court this   10TH   day of   DECEMBER   A.D. 20   09

_Malise Prieto_, CLERK OF COURT

BY:   S/CONNIE GENNARO

DEPUTY CLERK OF COURT

ISSUED:12/15/09

Attorney   SCOTT WOLFE, JR.   PO1

4821 PRYTANIA ST.

NEW ORLEANS, LA 70115

Received on _____, 20 _____, and on the _____ day of _____, 20 _____,

I served a true copy of the within _____,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

_____

Deputy Sheriff

Parish of _____

K-101

101-15

Page 2 of 4



## Clerk of Court

### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA
70434
(985) 809-8700

December 15, 2009

HON. SID J. GAUTREAUX, III
CIVIL SHERIFF
EAST BATON ROUGE PARISH
P. O. BOX 3277
BATON ROUGE, LA 70821

RE:   ADA BROWN, ET AL
       VS.#2009-17310 I
       LIBERTY MUTUAL FIRE INS. CO., ET AL

Dear Sir:

Enclosed please find a citation & certified copy together with a certified copy of the Original
Petition, that are to be served on the following:

LIBERTY MUTUAL FIRE INS. CO. THROUGH LOUISIANA SECRETARY OF STATE, 8585 ARCHIVES
AVE., BATON ROUGE, LA 70809

After service has been made, please mail your return to this office for filing.

Also, enclosed please find our check made payable to YOU in the amount of $        and our
check made payable to the Secretary of State in the amount of $

Sincerely,

Connie Gennaro
Deputy Clerk

ADA BROWN, ET AL

Versus

LIBERTY MUTUAL FIRE INS. CO.,

ET AL

No.   2009-17310 I

**22nd Judicial District Court**
**Parish of St. Tammany**

**Louisiana**

TO THE DEFENDANT   TALLOW CREEK, L.L.C. THROUGH ITS REGISTERED AGENT FOR SERVICE OF

PROCESS, ADRIAN KORNMAN, 59101 AMBER STREET, SLIDELL, LOUISIANA 70461

You are hereby summoned to comply with the demand contained in the petition/ of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable the Judges of said Court this   10TH   day of   DECEMBER   A.D. 20   09

*Malise Prieto*, CLERK OF COURT

BY:   S/CONNIE GENNARO

**DEPUTY CLERK OF COURT**

ISSUED:12/15/09

Attorney   SCOTT WOLFE, JR.   PO1

4821 PRYTANIA ST.

NEW ORLEANS, LA 70115

Received on _____, 20 _____, and on the _____ day of _____, 20 _____,

I served a true copy of the within _____,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

_____
Deputy Sheriff

Parish of _____

K-101                                                                                           101-15

ADA BROWN, ET AL

No.    2009-17310 I

**22ⁿᵈ Judicial District Court**
**Parish of St. Tammany**

Versus

LIBERTY MUTUAL FIRE INS. CO.,

**Louisiana**

ET AL

TO THE DEFENDANT     SOUTHERN HOMES, L.L.C. THROUGH ITS REGISTERED AGENT FOR SERVICE OF

PROCESS, ADRIAN KORNMAN, 2053 E. GAUSE BLVD., STE. 200, SLIDELL, LOUISIANA 70461

INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS

You are hereby summoned to comply with the demand contained in the petition/ of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22ⁿᵈ Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable the Judges of said Court this     10ᵀᴴ     day of     DECEMBER     A.D. 20   09

*Malise Prieto*, CLERK OF COURT

BY:     S/CONNIE GENNARO

**DEPUTY CLERK OF COURT**

ISSUED:12/15/09

Attorney     SCOTT WOLFE, JR.     PO1

4821 PRYTANIA ST.

NEW ORLEANS, LA 70115

Received on _____ , 20 _____ , and on the _____ day of _____ , 20 _____ ,

I served a true copy of the within _____ ,

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

_____
Deputy Sheriff

Parish of _____

K-101

*101-15*

St Tammany Parish Clerk of Court    Docket#200917310    5042992300    Dec 22 2009 04:17pm    T-038    P001/006  F-038    Page 1 of 6

Law Offices of

# Sher Garner Cahill Richter
# Klein & Hilbert, L.L.C.

Twenty-Eighth Floor
909 Poydras Street
New Orleans, LA 70112-1033
http://www.shergarner.com

Telephone: (504) 299-2100
Facsimile: (504) 299-2300

## MEMORANDUM OF TRANSMITTAL

December 22, 2009

**TO:**    Clerk of Court, 22nd JDC
(985) 809-8777

**FROM:**    MATTHEW C. CLARK

**Re:**    Ada Brown, wife of and Hillary Brown v. Tallow Creek, et al.
22nd JDC No. 2009-17310, Div. "T"
Our reference No.: 10539.0060

**MESSAGES, NOTES, COMMENTS:**

Enclosed please find Southern Homes, L.L.C. and Tallow Creek, L.L.C.'s Unopposed Motion for Extension of Time and Order which we would appreciate your filing into the court record, arrange for signature on Order, advise of the fees associated with filing same, and we will forward our check along with the original document in connection with the captioned case.

**PLEASE FAX BACK THE FILING FEES TO THE ATTENTION OF KAREN WILLIAMS.**

**NO. OF PAGES:**    (Including Cover)

## FAX COPY

DEC 2 2 2009

**IF YOU EXPERIENCE DIFFICULTIES IN TRANSMISSION, OR DO NOT RECEIVE ALL PAGES INDICATED, PLEASE CONTACT KAREN WILLIAMS at (504) 299-2231.**

Confidentiality Statement

"The information contained in this facsimile message is attorney privileged and confidential information intended only for the use of the individual or entity named above. If you are not the intended recipient, or the employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any disclosure, dissemination, distribution, or copying of this communication is strictly prohibited. If you have received this transmission in error, please immediately notify us by telephone and return the original message to us at the above address via the United States Postal Service."

St Tammany Parish Clerk of Court   Docket#200917310   Dec 22 2009 04:17pm   T-038  P002/006 F-038      Page 2 of 6
5042992300

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

mcurtis@shergarner.com
Direct Dial: (504) 299-2111
Direct Fax: (504) 299-2311

rlewis@shergarner.com
Direct Dial: (504) 299-2140
Direct Fax: (504) 299-2340

(504) 299-2100
FAX (504) 299-2300

December 22, 2009

*VIA FACSIMILE AND U.S. MAIL*
(985) 809-8777

Clerk of Court
22nd Judicial District Court
Parish of St. Tammany
701 N. Columbia Street
Covington, LA 70433

Re:   Ada and Hillary Brown
812 Cole Ct.
Covington, LA 70433
Tallow Creek Subdivision
Our reference No.: 10559.0060

Dear Sir or Madam:

Enclosed please find Southern Homes, L.L.C. and Tallow Creek, L.L.C.'s Unopposed Motion for Extension of Time and Order which we would appreciate your filing into the court record, arrange for signature on Order, advise of the fees associated with filing same, and we will forward our check along with the original document in connection with the captioned case.

# FAX COPY

DEC 2 3 2009

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
## KLEIN & HILBERT, L.L.C.

December 22, 2009
Page - 2 -

With kindest regards, we remain,

Cordially,

James M. Garner
Martha Y. Curtis
Matthew C. Clark

MCC/kw
Enclosures
cc:    Scott Wolfe, Jr., Esq. (w/enc)
       Douglas S. Reiser, Esq. (w/enc)
       Richard G. Duplantier, Jr. (w/enc)
       Carlina C. Eiselen (w/enc)

22ᴺᴰ JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. 2009-17310                                    DIVISION "I"

ADA BROWN WIFE OF/AND HILLARY BROWN

VERSUS

LIBERTY MUTUAL FIRE INS. CO., TALLOW CREEK, L.L.C.,
SOUTHERN HOMES, L.L.C., ET AL.

FILED:_____

### UNOPPOSED MOTION FOR EXTENSION OF TIME

NOW INTO COURT, through undersigned counsel, come defendants, Southern Homes,
L.L.C. ("Southern Homes"), and Tallow Creek, L.L.C. ("Tallow Creek"), who move this Court for
an extension of time until and including, January 18, 2010, to respond to the Petition for Breach of
Contract, Warranty and for Damages.  Southern Homes also moves the Court for an extension of
time until and including, February 18, 2010, to respond to "Plaintiff's First Set of Interrogatories,
Requests for Production and Requests for Admission to Southern Homes, L.L.C."  Undersigned
counsel has contacted counsel for Plaintiffs, Ada Brown wife of/and Hillary Brown, and its counsel
has consented to such an extension.

# FAX COPY

DEC 2 2 2009

Respectfully submitted,

JAMES M. GARNER #19589
MARTHA Y. CURTIS #20446
MATTHEW C. CLARK #31102
**SHER GARNER CAHILL RICHTER KLEIN**
**& HILBERT, L.L.C.**
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR SOUTHERN HOMES, LLC; AND**
**TALLOW CREEK, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of record by depositing same in the United States Mail, properly addressed and postage prepaid, electronic mail, and/or facsimile this 22 day of December, 2009.

MATTHEW C. CLARK

22ᴺᴰ JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. 2009-17310                                                          DIVISION "I"

ADA BROWN WIFE OF/AND HILLARY BROWN

VERSUS

LIBERTY MUTUAL FIRE INS. CO., TALLOW CREEK, L.L.C.,
SOUTHERN HOMES, L.L.C., ET AL.

FILED: _____

### ORDER

CONSIDERING the foregoing Unopposed Motion for Extension of Time:

IT IS HEREBY ORDERED that defendants, Southern Homes, L.L.C. and Tallow Creek, L.L.C., be and are hereby granted an extension until and including January 18, 2010, to respond to the Petition for Breach of Contract, Warranty and for Damages. Southern Homes is also granted an extension until and including February 18, 2010, to respond to the "Plaintiff's First Set of Interrogatories, Requests for Production and Requests for Admission to Southern Homes, L.L.C."

Covington, Louisiana, this ___ day of _____, 20___.

_____
**HON. REGINALD BADEAUX**

# FAX COPY

DEC 2 2 2009

St Tammany Parish Clerk of Court    Docket#200917310

Page 1 of 2

*D* 03

# Malise Prieto
## Clerk of Court

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

### 22nd Judicial District
### Parish of St. Tammany

ATTN: *Matthew C Clark*        Fax (504) 299-2300

FROM ST TAMMANY CLERK        Phone - 985-809-8776
                             Fax   - 985-809-8777

                             *6 pages*

Date Received *12-22-09*

Title *Ada Brown, Etal*   **AMOUNT DUE** $70.00
    VS# *2009-17310 I*
*Liberty Mutual Fire Ins. Co, Etal*

## FAX RECEIPT

PLEASE ATTACH TO FRONT PAGE OF
ORIGINAL PLEADINGS OR YOUR ORIGINAL
PLEADINGS MAY NOT BE FILED TIMELY.

R.S.13:850. Facsimile transmissions: filings in civil actions; fees; equipment and supplies
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the Clerk of Court has received the transmission, the party filing the document shall forward the following to the Clerk:
(1) The original signed document
(2) The applicable filing fee (which is filing fee x 2 - **we charge for filing the fax pleading as well as the original pleading**).
(3) A transmission fee of five dollars/confirmation fee of ten dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
D The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

### ATTENTION FILING CLERK
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

St Tammany Parish Clerk of Court    Docket#200917310                                    Page 2 of 2

## Malise Prieto

### Clerk of Court

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

D03

**22nd Judicial District
Parish of St. Tammany**

ATTN: *Matthew C Clark*         Fax (504) 299-2300

FROM ST TAMMANY CLERK           Phone - 985-809-8776
                                Fax  - 985-809-8777

                                *6 pages*

Date Received *12-22-09*

Title *Ada Brown, Etal*         **AMOUNT DUE** $ *70.00*
VS# *2009-17310 I*
*Liberty Mutual Fire Ins. Co, Etal*

## FAX RECEIPT

PLEASE ATTACH TO FRONT PAGE OF
ORIGINAL PLEADINGS OR YOUR ORIGINAL
PLEADINGS MAY NOT BE FILED TIMELY.

R.S.13:850. Facsimile transmissions; filings in civil actions; fees; equipment and supplies
A. Any paper in a civil action may be filed with the court by facsimile transmission. All clerks
of court shall make available for their use equipment to accommodate facsimile filing in civil
actions.  Filing shall be deemed complete at the time that the facsimile transmission is
received and a receipt of transmission has been transmitted to the sender by the clerk of court.
The facsimile when filed has the same force and effect as the original.
B. Within five days, exclusive of legal holidays, after the Clerk of Court has received the
transmission, the party filing the document shall forward the following to the Clerk:
(1) The original signed document
(2) The applicable filing fee (which is filing fee x 2 - we charge for filing the fax pleading
as well as the original pleading).
(3) A transmission fee of five dollars/confirmation fee of ten dollars.
C. If the party fails to comply with the requirements of Subsection B, the facsimile filing   shall
have no force or effect. The various district courts may provide by court rule for other matters
related to filings by facsimile transmission.
D  The clerk may purchase equipment and supplies necessary to accommodate facsimile filings
out of the clerk's salary fund.

### ATTENTION FILING CLERK
THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

| Name/Fax No. | Mode | Start | Time | Page | Result | Note |
|---|---|---|---|---|---|---|
| 915042992300 | Normal | 23,09:04am | 0'49" | 1 | * O K | |

P.1
ST TAM CLERK OF COURT  Fax:985-809-8777              Dec 23 2009 09:04am

## ** Transmit Confirmation Report **

St Tammany Parish Clerk of Court    Docket#200917310

Page 1 of 4

# RETURN

ADA BROWN, ET AL

No.    2009-17310 I

## 22nd Judicial District Court
## Parish of St. Tammany

Versus

## Louisiana

LIBERTY MUTUAL FIRE INS. CO.,

ET AL

TO THE DEFENDANT    TALLOW CREEK, L.L.C. THROUGH ITS REGISTERED AGENT FOR SERVICE OF

PROCESS, ADRIAN KORNMAN, 59101 AMBER STREET, SLIDELL, LOUISIANA 70461

You are hereby summoned to comply with the demand contained in the petition/ of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable the Judges of said Court this    10TH    day of    DECEMBER    A.D. 20    09

*Malise Prieto*, CLERK OF COURT

BY:    S/CONNIE GENNARO

DEPUTY CLERK OF COURT

ISSUED: 12/15/09

Attorney    SCOTT WOLFE, JR.    PO1

4821 PRYTANIA ST.

NEW ORLEANS, LA 70115

Received on _____ , 20 _____ , and on the _____ day of _____ 20 _____

I served a true copy of the within

on _____    in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

_____
Deputy Sheriff

Parish of _____

K-101

101-15

FILED

DEC 23 2009

(52)200917310 - 2.00 -- C/P
Served PERS on                                    INT
TALLOW CREEK LLC THRU ADRIAN KORNMAN  at
59101 Amber ST, SLIDELL
Service Date & Time: 12/17/2009 10:14:00AM
THRU AGENT / Adrian Kornman At Correct Address
2053 East Gause Blvd.

2718 - ROMANO, JAMES, St. Tammany Parish

St Tammany Parish Clerk of Court    Docket#200917310

Page 3 of 4)
27 18

ADA BROWN, ET AL

No.  2009-17310 I  **RETURN**

**22nd Judicial District Court**

**Parish of St. Tammany**

Versus

LIBERTY MUTUAL FIRE INS. CO.,

**Louisiana**

ET AL

TO THE DEFENDANT    SOUTHERN HOMES, L.L.C. THROUGH ITS REGISTERED AGENT FOR SERVICE OF

PROCESS, ADRIAN KORNMAN, 2053 E. GAUSE BLVD., STE. 200, SLIDELL, LOUISIANA 70461

INTERROGATORIES, REQUEST FOR PRODUCTION AND REQUEST FOR ADMISSIONS
You are hereby summoned to comply with the demand contained in the petition/ of which a true and correct copy (exclusive of
exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District
Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty
of default judgment against you.

Witness the Honorable the Judges of said Court this    10TH    day of    DECEMBER    A.D. 20    09

*Malise Prieto*, CLERK OF COURT

BY:    S/CONNIE GENNARO

**DEPUTY CLERK OF COURT**

ISSUED:12/15/09

Attorney    SCOTT WOLFE, JR.    PO1

4821 PRYTANIA ST.

NEW ORLEANS, LA 70115

Received on _____ , 20 _____ , and on the _____ day of _____

I served a true copy of the within _____ in person,

on _____

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

_____
Deputy Sheriff

Parish of _____

K-101

101-15

St Tammany Parish Clerk of Court    Docket#200917310                          Page 4 of 4

DEC 23 2009

*[signature]*
DEPUTY

(52)200917310 - 1.00 -- C/P
Served PERS on                          INF.
SOUTHERN HOMES LLC THRU ADRIAN KORNMAN at
2053  E GAUSE BLVD. , SLIDELL
Service Date & Time: 12/17/2009 10:15:00AM
THRU AGENT / Adrian Kornman

2718 - ROMANO, JAMES, St. Tammany Parish

2009-17310

LAW OFFICES OF

# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

TWENTY-EIGHTH FLOOR
909 POYDRAS STREET
NEW ORLEANS, LOUISIANA 70112-1033
http://www.shergarner.com

LEOPOLD Z. SHER [1]
JAMES M. GARNER [2]
ELWOOD F. CAHILL, JR.
RICHARD P. RICHTER
STEVEN I. KLEIN [1]
PETER L. HILBERT, JR.
MARIE A. MOORE [3]
DEBRA J. FISCHMAN
ROBERT P. THIBEAUX
DARNELL BLUDWORTH [2]
MARTHA Y. CURTIS [2]
NEAL J. KLING
JOSHUA S. FORCE [2,4]
DEBORAH J. MOENCH
DOROTHY S. WATKINS LAWRENCE [2]
JOHN T. BALHOFF, II

ALVIN C. MIESTER, III
HOWARD T. BOYD, III [3]
CHRISTOPHER T. CHOCHELES
SHARONDA R. WILLIAMS [5,10]
KAREN T. HOLZENTHAL
RYAN D. ADAMS
THOMAS J. MADIGAN, II [3]
KEVIN M. McGLONE
CHAD P. MORROW
JEFFREY D. KESSLER [7]
JONATHAN B. CERISE
ASHLEY G. COKER
AMANDA RUSSO SCHENCK
RYAN O. LUMINAIS [9]
MATTHEW C. CLARK
MELISSA M. ROME

RAYMOND C. LEWIS
ANDREW R. CAPITELLI
CHARLES E. TABOR
MARY BETH AKIN
EMMA E. ANTIN DASCHBACH [7,8]
ANDREA M. ALBRIGHT
JENNIFER M. HOFFMAN
PAUL R. TRAPANI, III

[1] LAW CORPORATION
[2] MEMBER OF LOUISIANA AND TEXAS BARS
[3] MEMBER OF LOUISIANA AND ALABAMA BARS
[4] MEMBER OF LOUISIANA AND CALIFORNIA BARS
[5] MEMBER OF LOUISIANA AND GEORGIA BARS
[6] MEMBER OF LOUISIANA AND MISSISSIPPI BARS
[7] MEMBER OF LOUISIANA AND NEW YORK BARS
[8] MEMBER OF LOUISIANA AND DISTRICT OF COLUMBIA BARS
[9] BOARD CERTIFIED TAX ATTORNEY LOUISIANA BOARD OF LEGAL SPECIALIZATION
[10] REGISTERED TO PRACTICE BEFORE THE UNITED STATES PATENT AND TRADEMARK OFFICE

ALL OTHERS LOUISIANA BAR

OF COUNSEL:
TIMOTHY B. FRANCIS
DAVID A. MARCELLO

jgarner@shergarner.com
Direct Dial: (504) 299-2102
Direct Fax: (504) 299-2302

mcurtis@shergarner.com
Direct Dial: (504) 299-2111
Direct Fax: (504) 299-2311

mclark@shergarner.com
Direct Dial: (504) 299-2140
Direct Fax: (504) 299-2340

(504) 299-2100
FAX (504) 299-2300

December 22, 2009

*VIA FACSIMILE AND U.S. MAIL*
**(985) 809-8777**

**FILED**

DEC 28 2009

Clerk of Court
22nd Judicial District Court
Parish of St. Tammany
701 N. Columbia Street
Covington, LA 70433

Re:    Ada and Hillary Brown
       812 Cole Ct.
       Covington, LA 70433
       Tallow Creek Subdivision
       Our reference No.: 10559.0060

Dear Sir or Madam:

    Enclosed please find Southern Homes, L.L.C. and Tallow Creek, L.L.C.'s Unopposed Motion for Extension of Time and Order which we would appreciate your filing into the court record, arrange for signature on Order, advise of the fees associated with filing same, and we will forward our check along with the original document in connection with the captioned case.

**FAX FILED**

12-22-09

LAW OFFICES OF
# SHER GARNER CAHILL RICHTER
# KLEIN & HILBERT, L.L.C.

December 22, 2009
Page - 2 - _____

    With kindest regards, we remain,

          Cordially,

          James M. Garner
          Martha Y. Curtis
          Matthew C. Clark

MCC/kw
Enclosures
cc:    Scott Wolfe, Jr., Esq. (w/enc)
      Douglas S. Reiser, Esq. (w/enc)
      Richard G. Duplantier, Jr. (w/enc)
      Carlina C. Eiselen (w/enc)

St Tammany Parish Clerk of Court   Docket#200917310

Page 3 of 4

JUN 17 96 14:54



# *Malise Prieto*

## Clerk of Court

### 22nd Judicial District
### Parish of St. Tammany

P.O. Box 1090
Covington, LA 70434
(985) 809-8700

D 03

---

ATTN: *Matthew C Clark*     Fax (504) 299-2300

FROM ST TAMMANY CLERK

Phone - 985-809-8776
Fax   - 985-809-8777

*6 pages*

Date Received *12-22-09*

Title *Ada Brown, Etal*     **AMOUNT DUE** $ *70.00*
VS# *2009-17310*
*Liberty Mutual Fire Ins. Co, Etal*

## FAX RECEIPT

PLEASE ATTACH TO FRONT PAGE OF
ORIGINAL PLEADINGS OR YOUR ORIGINAL
PLEADINGS MAY NOT BE FILED TIMELY.

R.S.13:850. Facsimile transmissions: filings in civil actions; fees; equipment and supplies
  A.  Any paper in a civil action may be filed with the court by facsimile transmission. All clerks of court shall make available for their use equipment to accommodate facsimile filing in civil actions. Filing shall be deemed complete at the time that the facsimile transmission is received and a receipt of transmission has been transmitted to the sender by the clerk of court. The facsimile when filed has the same force and effect as the original.
  B.  Within five days, exclusive of legal holidays, after the Clerk of Court has received the transmission, the party filing the document shall forward the following to the Clerk:
    (1) The original signed document
    (2) The applicable filing fee (which is filing fee x 2 - we charge for filing the fax pleading as well as the original pleading).
    (3) A transmission fee of five dollars/confirmation fee of ten dollars.
  C.  If the party fails to comply with the requirements of Subsection B, the facsimile filing shall have no force or effect. The various district courts may provide by court rule for other matters related to filings by facsimile transmission.
  D  The clerk may purchase equipment and supplies necessary to accommodate facsimile filings out of the clerk's salary fund.

---

## ATTENTION FILING CLERK
### THIS IS THE ORIGINAL OF A PREVIOUSLY FAXED PLEADING.

CopyPlus
(No Carbon Paper Required)

Tear Along Perforation

---

13464

**SHER, GARNER, CAHILL, RICHTER,**
**KLEIN, & HILBERT, L.L.C.**
COURT RUNNER ACCOUNT
909 POYDRAS ST., SUITE 2800
NEW ORLEANS, LA 70112
(504) 299-2100

84-13-654

DATE _12-23-09_

PAY TO THE
ORDER OF _Clerk of court, 22nd_                     $ _140.00_

_One Hundred Forty & no/100_ _____ DOLLARS

**CHASE** ◯
JPMorgan Chase Bank, N.A.
Baton Rouge, Louisiana 70801
www.Chase.com

⑈013464⑈ ⑆065400137⑆ 5114188401⑈

---

DETACH AND RETAIN THIS STATEMENT
THE ATTACHED CHECK IS IN PAYMENT OF ITEMS DESCRIBED BELOW.
IF NOT CORRECT PLEASE NOTIFY US PROMPTLY. NO RECEIPT DESIRED.

◨DELUXE CORP® 1•800-328-0304 www.deluxeforms.com
DELUXE - FORM DVCY-3 V-2

**SHER, GARNER, CAHILL, RICHTER,**
**KLEIN, & HILBERT, L.L.C.**
COURT RUNNER ACCOUNT

13464

| DATE | DESCRIPTION | AMOUNT |
|---|---|---|
| 12-23-09 | Shelly Parr, etal v. Fallow Creek 2009-16962, Div. E  file motion for $170.00 our file no. 10559.0076 | 70.00 |
| | Ada Brown, etal v. Fallow Creek 2009-17310, Div. I  file motion for Exten. 70.00 our file no. 10559.0060 | 70.00 |

V-2

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. 2009-17310                                               DIVISION "I"

ADA BROWN WIFE OF/AND HILLARY BROWN

VERSUS

LIBERTY MUTUAL FIRE INS. CO., TALLOW CREEK, L.L.C.,
SOUTHERN HOMES, L.L.C., ET AL.

FILED: _Dec 28, 2009_                    Deputy _Sally M Savage_

UNOPPOSED MOTION FOR EXTENSION OF TIME

NOW INTO COURT, through undersigned counsel, come defendants, Southern Homes,

L.L.C. ("Southern Homes"), and Tallow Creek, L.L.C. ("Tallow Creek"), who move this Court for

an extension of time until and including, January 18, 2010, to respond to the Petition for Breach of

Contract, Warranty and for Damages.   Southern Homes also moves the Court for an extension of

time until and including, February 18, 2010, to respond to "Plaintiff's First Set of Interrogatories,

Requests for Production and Requests for Admission to Southern Homes, L.L.C." Undersigned

counsel has contacted counsel for Plaintiffs, Ada Brown wife of/and Hillary Brown, and its counsel

has consented to such an extension.

FAX FILED
12-22-09

ST TAMMANY PARISH
STATE OF LOUISIANA
FILED FOR RECORD
2009 DEC 28  A 9 50

HAROLD PRIETO
CLERK OF COURT

Respectfully submitted,

_JAMES M. GARNER #19589_
JAMES M. GARNER #19589
MARTHA Y. CURTIS #20446
MATTHEW C. CLARK #31102
**SHER GARNER CAHILL RICHTER KLEIN
& HILBERT, L.L.C.**
909 Poydras Street, Twenty-Eighth Floor
New Orleans, Louisiana 70112
Telephone: (504) 299-2100
Facsimile: (504) 299-2300
**ATTORNEYS FOR SOUTHERN HOMES, LLC; AND
TALLOW CREEK, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all counsel of

record by depositing same in the United States Mail, properly addressed and postage prepaid,

electronic mail, and/or facsimile this 22 day of December, 2009.

MATTHEW C. CLARK

22ND JUDICIAL DISTRICT COURT FOR THE PARISH OF ST. TAMMANY

STATE OF LOUISIANA

NO. 2009-17310                                                DIVISION "I"

ADA BROWN WIFE OF/AND HILLARY BROWN

VERSUS

LIBERTY MUTUAL FIRE INS. CO., TALLOW CREEK, L.L.C.,
SOUTHERN HOMES, L.L.C., ET AL.

FILED: _Dec 28, 2009_                    Deputy _Sally M Savage_

### ORDER

CONSIDERING the foregoing Unopposed Motion for Extension of Time:

IT IS HEREBY ORDERED that defendants, Southern Homes, L.L.C. and Tallow Creek,

L.L.C., be and are hereby granted an extension until and including January 18, 2010, to respond to

the Petition for Breach of Contract, Warranty and for Damages. Southern Homes is also granted an

extension until and including February 18, 2010, to respond to the "Plaintiff's First Set of

Interrogatories, Requests for Production and Requests for Admission to Southern Homes, L.L.C."

Covington, Louisiana, this ___ day of _____, 20___.

12-30-09

HON. REGINALD BADEAUX

**FAX FILED**
_12-22-09_

ADA BROWN, ET AL

No.   2009-173101 **RETURN**

**22nd Judicial District Court**

**Parish of St. Tammany**

Versus

**Louisiana**

LIBERTY MUTUAL FIRE INS. CO.,

ET AL

TO THE DEFENDANT    LIBERTY MUTUAL FIRE INS. CO. THROUGH LOUISIANA SECRETARY OF STATE,

8585 ARCHIVES AVE., BATON ROUGE, LA 70809

You are hereby summoned to comply with the demand contained in the petition/ of which a true and correct copy (exclusive of exhibits) accompanies this citation, or make an appearance, either by filing a pleading or otherwise, in the 22nd Judicial District Court in and for the Parish of St. Tammany, State of Louisiana, within fifteen (15) days after the service hereof, under penalty of default judgment against you.

Witness the Honorable the Judges of said Court this    10TH    day of    DECEMBER    A.D. 20   09

*Malise Prieto*, CLERK OF COURT

BY    S/CONNIE GENNARO

**DEPUTY CLERK OF COURT**

ISSUED:12/15/09

Attorney    SCOTT WOLFE, JR.   PO

4821 PRYTANIA ST.

NEW ORLEANS, LA 70115

DEC 2 1 2009

Received on _____ , 20 ____ and on the ____ day of _____ , 20 _____ ,

I served a true copy of the within _____

on _____ in person,

at domicile with _____

in _____ Parish, a distance of _____ miles from

the Court House.

**FILED**

Deputy Sheriff    JAN 1 3 2010

Parish of _____    DEPUTY

Civil - Search by Suit# - Suit Hits - Suit Detail - Party
Party Detail

| | |
|---|---|
| **Suit:** 200917310 | **Party #:** Defendant 3 |
| **Name:** SOUTHERN HOMES LLC | **Date of Birth:** |
| **Address:** | |
| **Attorney:** CLARK MATTHEW C | |